MAULSBY BROWN, PROSECUTOR, v. HARRY A. KLEIN, RECORDER OF THE BOROUGH OF LINCOLN PARK, AND THE BOARD OF HEALTH OF THE BOROUGH OF LINCOLN PARK, DEFENDANTS.

Submitted October 2, 1945—Decided January 15, 1946.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the prosecutor, *Samuel C. Meyerson.*

For the defendants, *David Young, 3d.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. *Certiorari* was allowed to review two judgments convicting the prosecutor of violations

of a municipal ordinance. The prosecutor, as a matter of fact, admits the violations which were embodied in the complaints made by the Board of Health of Lincoln Park but charges that for various reasons the ordinance is invalid. The complaints against him were: that he maintained a pig farm in the borough without a permit so to do and that the number of pigs kept on his premises exceeded the maximum number allowed by the ordinance, both acts being contrary to the provisions of its second section. He was fined $15 and costs on the first charge and $60 and costs on the second.

We are asked to set aside these judgments of conviction on the ground that the ordinance is invalid for the following reasons: that the controlling statute ordains that health ordinances shall become effective thirty days after the date of first publication (*R. S.* 26:3–69). The provision of this ordinance (twelfth section) is that same "shall take effect after passage and publication as required by law." We perceive no merit in this argument. The ordinance, at the time of the prosecution, had been in effect for more than a year and nothing appears to indicate that the provisions of the ordinance were enforced in any case within the thirty day limitation provided by the statute, *supra*. Further, the quoted provision as to when the ordinance became effectual does not support the argument that it became operative immediately after passage and publication and, in any event, the prosecutor suffered nothing whether or not it was put into operation immediately after passage and publication or after the lapse of thirty days.

(2) The ordinance is attacked as arbitrary because under its seventh section the Board of Health is empowered to revoke licenses. But there is no question of revocation in this matter.

(3) The ordinance is said to be discriminatory because it provides that pigs up to a specified number (7) may be maintained in certain localities while they may not be kept at all in others. But this, we think, is an exercise of discretion. It is not said that the discretion in this matter was abused. It is not illegal to create a zone for pig raising. Certainly

raising and keeping pigs ought not from a health and general well-being standpoint of the inhabitants to be permitted indiscriminately. *Cf. Wogish* v. *Board of Health, &c.,* 114 *N. J. L.* 261.

It is also argued that the ordinance is unreasonable in that keeping pigs is permitted in one locality and forbidden in others; confiscatory in that there is a limitation of the number of pigs that may be maintained to a maximum of seven; discriminatory in that prosecutor's lands are excluded from the area where pig raising is permitted. These points may be considered together. There is not a particle of proof to support any of these claims nor is there a standard or norm advanced to permit a determination of what is reasonable, fair and proper in the premises. See, also, *Kurinsky* v. *Board of Health, &c., et al.,* 128 *N. J. L.* 185; *Earruso* v. *Board of Health, &c.,* 120 *Id.* 463.

It is finally said that the ordinance in question was not proved at the trial of this matter and that the municipality is in laches in enforcing its provisions and that the instant enforcement is prejudiced and biased. As to the first proposition: the local court may take judicial notice of the ordinances of that particular municipality and this court will do likewise in these circumstances. (See *Galen Hall Co.* v. *Atlantic City,* 76 *N. J. L.* 20, and cases cited therein) ; as to the second proposition: there is nothing in the case to support the prosecutor's argument. In sum, we find no merit whatever in the arguments advanced for a reversal of the judgment under review.

The writ will be dismissed with costs and the judgments affirmed.