15 N.J. Super. 210 (1951)
83 A.2d 233
BOROUGH OF LINCOLN PARK, AND BOARD OF HEALTH OF LINCOLN PARK, PLAINTIFFS-RESPONDENTS,
v.
HERMAN CULLARI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 6, 1951.
Decided August 31, 1951.
*212 Before Judges LEYDEN, DANIEL J. BRENNAN and SCHETTINO.
Mr. Charles M. Grosman argued the cause for appellant.
Mr. David Young, 3rd, argued the cause for respondents.
The opinion of the court was delivered by LEYDEN, J.S.C.
Defendant appeals from the judgment of conviction of violating section 2 of an ordinance of the Board of Health of the Borough of Lincoln Park entitled "An Ordinance to regulate, control and prohibit the keeping of pigs within the limits of the Borough of Lincoln Park, Morris County, New Jersey," in that he kept and maintained pigs in said borough without first having procured a permit therefor.
The ordinance divides the municipality into districts which may be classified as (1) residential, wherein the keeping of pigs is prohibited; and (2) farming, wherein not more than seven pigs may be kept, raised or maintained, provided a permit therefor is obtained from the local board of health.
The pertinent sections of the ordinance are as follows:
"Section 2. * * *
No person shall have, keep, raise or maintain any pig or pigs within the said described limits of the Borough of Lincoln Park, without first having procured from the Board of Health of the Borough of Lincoln Park a permit for that purpose. Such permit shall allow the holder thereof to have, keep, raise or maintain on the premises mentioned in such permit, not more than seven (7) pigs.
Section 6. It shall be unlawful for any person owning, keeping, or having the management or control of the premises within the Borough of Lincoln Park, to knowingly permit a violation of any of the provisions of this ordinance upon said premises."
The ordinance under review was adopted December 21, 1943. The defendant manages a farm of approximately 120 acres located in the farm district upon which, since 1929, from 25 to 40 pigs have been kept.
The defendant applied for a permit to keep more than seven pigs and was refused. He was convicted in the municipal *213 court and on appeal in the Morris County Court after a trial de novo.
The defendant insists the ordinance, in so far as it limits the number of pigs to seven, is unconstitutional and void in that it violates the equal protection clause of the 14th Amendment of the United States Constitution, and the due process of law provisions of the Federal and State Constitutions. He argues that the ordinance does not take into account the area of the land owned and the number of pigs permitted, and therefore he is denied equal protection since he may now keep only seven pigs on the farm and a neighbor owning a small plot may keep the same number, and for like reason he asserts that the ordinance is an arbitrary and unreasonable exercise of police power.
The ordinance in question does not, in our opinion, offend the equal protection clause of the 14th Amendment.
Our Supreme Court in an opinion delivered by Mr. Justice Heher has thus defined the clause in question:
"The equal protection clause means that the right of all persons must rest upon the same rule under similar circumstances, * * *. It is essential that the classification itself be reasonable and not arbitrary, and be based upon material and substantial distinctions and differences reasonably related to the subject matter of the legislation or considerations of policy, and that there be uniformity within the class. The equal protection of the laws means that no person or class of persons shall be denied the protection of the laws enjoyed by other persons or classes of persons under similar conditions and circumstances, in their lives, liberty, and property, and in the pursuit of happiness, both as respects privileges conferred and burdens imposed." Washington National Ins. Co. v. Board of Review, 1 N.J. 545, at 553 (1949).
The Legislature has a wide discretion as to classification and the distinction may be a narrow one if reasonably related to the object of the legislation. The Legislature has delegated the power to regulate, control or prohibit the keeping or slaughtering of animals to local boards of health to be exercised by ordinance, rules and regulations. R.S. 26:3-31. There is no indication of illegal discrimination in the exercise of that power here. By the ordinance all persons within the *214 described district are placed upon an equal footing. The fact that the defendant manages a large tract of land is not pertinent. Wogish v. Board of Health, Moonachie, 114 N.J.L. 261 (E. & A. 1935). The equal protection clause imposes no obligation upon the Legislature or local board of health to regulate or control the keeping of animals on a graduated scale or in accordance with the land owned. Defendant's argument rests upon the assumption that area is the rational standard appropriate to this situation, and suggests hypothetical situations to accentuate his claim. But this assumption is invalid. Piggeries present health problems. To strike a balance in the light of existing circumstances, the board permitted a maximum of seven pigs in the farm district, presumably to meet the average probable needs of the occupant, and by that limitation sought to prohibit commercialized piggeries. The objective is not unreasonable and in view thereof the area of the realty held cannot be said to be the indispensable quantitative measure which must underlie the regulation. Cf. Ring v. North Arlington, 136 N.J.L. 494 (Sup. Ct. 1948); affirmed 1 N.J. 24 (1948). We cannot say that a limitation of seven pigs, without regard to the area of the land, is constitutionally inappropriate. Rather it appears to be reasonably calculated to achieve the stated purpose. Marginal inequities do not in themselves vitiate the ordinance. Wherever a line is drawn, situations immediately beyond the line appear to be indistinguishable from situations within it. But this is an inevitable consequence of the drawing of any line, and does not, in itself, constitute a valid criticism of a line which, on the over-all scene, cannot otherwise be said to be arbitrary.
The question of the reasonableness of the ordinance has been adjudicated adversely to the defendant's contention. Brown v. Klein, 133 N.J.L. 533 (Sup. Ct. 1946). A similar ordinance limiting the keeping of pigs to not more than ten was held to be a reasonable exercise of the police power. Wogish v. Board of Health, Moonachie, supra. We so find here.
*215 The right of private property must yield to the common good, and when interfered with or restrained the assumed injury to the individual is presumed to be off-set by the benefit accruing to him as one of the public at large. Earruso v. Board of Health, East Hanover, 120 N.J.L. 463 (Sup. Ct. 1938). No general standard of regulation and control concerning the keeping of animals, applicable to all municipalities, can be laid down. Local conditions, circumstances and needs vary widely. Regulations and controls which would be considered reasonable in one community might well be unreasonable in another. The decision is left to the broad legislative discretion of the local boards of health, limited, of course, by the reasonable exercise of the power conferred. Board of Health of Weehawken Twp. v. N.Y. Central R. Co., 4 N.J. 293 (1950). The ordinance is not unreasonable because it may interfere or put an additional burden upon the defendant. Schwarz Bros. v. Board of Health, 83 N.J.L. 81 (Sup. Ct. 1912).
The judgment is affirmed, with costs.